O’Donnell, J.,
concurring.
{¶ 35} I concur in the majority’s judgment that based upon the facts of this case, the state cannot demonstrate compliance with either Kastigar v. United States (1972), 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212, or Garrity v. New Jersey (1967), 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562. However, I write separately to emphasize that the state cannot use any information directly or indirectly derived from a Garrity statement in a criminal proceeding against the public employee who made the statement unless the state denies any use of the immunized testimony and also affirmatively proves an independent, legitimate source for all of the evidence to be introduced at trial. In my view, if a prosecutor has reviewed a defendant’s Garrity statement before trial and fails to carry the burden to establish an independent source for the evidence, the only appropriate remedy is dismissal of the indictment.
{¶ 36} In Garrity, the Supreme Court of the United States held that “the protection of the individual under the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements obtained under threat of removal from office, and that [the protection] extends to all, whether they are policemen or other members of our body politic.” Garrity, 385 U.S. at 500, 87 S.Ct. 616, 17 L.Ed.2d 562. In Kastigar, the court explained that the immunity used to compel such testimony is “coextensive with the scope of the privilege against self-incrimination” and that it prohibits not only the use of compelled testimony, but also the use of any “evidence derived directly and indirectly therefrom.” Kastigar, 406 U.S. at 453, 92 S.Ct. 1653, 32 L.Ed.2d 212. In sum, the court concluded that the grant of immunity prohibits the prosecution “from using the compelled testimony in any respect.” Id.
*227 {¶ 37} To enforce the prohibition against the use of compelled testimony, the court reaffirmed the rule set forth in Murphy v. Waterfront Comm. of New York Harbor (1964), 378 U.S. 52, 79, 84 S.Ct. 1594, 12 L.Ed.2d 678, fn. 18, when it imposed an affirmative burden upon the state to demonstrate that its evidence was not tainted by requiring the state to establish an independent, legitimate source for the disputed evidence. Kastigar, 406 U.S. at 460, 92 S.Ct. 1653, 32 L.Ed.2d 212. The court emphasized, “This burden of proof, which we reaffirm as appropriate, is not limited to a negation of taint; rather, it imposes on the prosecution the affirmative duty to prove that the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony.” Id. at 460. The court recognized that its holding placed a “heavy burden” on the government to demonstrate that it obtained all of its evidence from independent sources, thereby placing a defendant facing incriminating evidence obtained through a grant of immunity in a stronger position than a defendant asserting a Fifth Amendment claim related to a coerced confession. Id. at 461.
{¶ 38} In State v. Conrad (1990), 50 Ohio St.3d 1, 4, 552 N.E.2d 214, this court applied Kastigar and held that when an accused asserts that the state has used evidence from a Garrity statement, “(1) the government must deny any use of the accused’s own immunized testimony against him or her in a criminal case; and (2) the government must affirmatively prove that all of the evidence to be used at trial is derived from sources wholly independent of immunized testimony.” (Emphasis sic.)
{¶ 39} As the majority acknowledges, a defendant’s Garrity statement may provide a prosecutor with information that could lead to the discovery of additional evidence or witnesses for trial. But regardless of the evidentiary consequences, information about the defendant’s theory of the case and knowledge of the defendant’s own version of the events give the prosecutor an unfair advantage in conducting an investigation and planning trial strategy. Kastigar and Conrad seek to eliminate both the direct and indirect use of information obtained in violation of a defendant’s constitutional right against self-incrimination by broadly proscribing any use of a defendant’s compelled statement. Because knowledge of the information contained in a Garrity statement may imperceptibly influence a prosecutor’s view of a case, the government cannot plausibly deny any use of a defendant’s compelled statement when the prosecutor has read it before trial. Therefore, I would hold that when a prosecutor has reviewed a defendant’s Garrity statement before trial and fails to establish an independent source for the evidence to be used at trial, dismissal of the indictment rather than suppression of the evidence is the appropriate remedy.
Pfeifer, J., concurs in the foregoing opinion.